IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DARIN FIELDS,

    Petitioner,

v.                                                                 Civil Action No. 5:17cv26
                                                                    (Judge Stamp)

JOE COAKLEY, Warden,

    Respondent.

## REPORT AND RECOMMENDATION

### I. Introduction

On March 2, 2017, the *pro se* Petitioner, Darin Fields, an inmate then-incarcerated at USP Hazelton[1] in Bruceton Mills, West Virginia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his sentence. The Petitioner has satisfied the filing fee. ECF No. 5. On September 15, 2017, this case was transferred from Magistrate Judge James E. Seibert to the undersigned.

The matter is assigned to the Honorable Frederick P. Stamp, United States District Judge, and is referred to the undersigned United States Magistrate Judge for initial screening and to make proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### II. Factual and Procedural History[2]

### A. Conviction and Sentence

---

[1] Petitioner is now incarcerated at USP Pollock, in Pollock, Louisiana.

[2] The facts are taken from the Petitioner's criminal Case No. 2:14cr23-6 in the United States District Court for the Eastern District of Louisiana, available on PACER. Unless otherwise noted, the ECF entries in § II, A-D of this Report and Recommendation refer to that criminal case. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record"); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records.'").

On February 6, 2014, a federal grand jury sitting in the Eastern District of Louisiana returned an eight-count Indictment charging the Petitioner and fourteen co-defendants with a number of drug conspiracy charges. Petitioner was charged in Count One with conspiracy to distribute and possess with intent to distribute a quantity of cocaine hydrochloride and a quantity of cocaine base (crack), Schedule Two Drug controlled substances, in violation of 21 U.S.C. § 846. ECF No. 1. On August 26, 2014, Petitioner entered a plea to Count One. ECF No. 236.

On November 19, 2014, the Court sentenced the Petitioner. ECF No. 352. At the sentencing hearing, the Court found that the Petitioner had at least two prior drug convictions, and that as a result, the Petitioner was career offender for sentencing purposes. ECF No. 399 at 4 - 5. Accordingly, Petitioner was sentenced to a term of 151 months imprisonment to be followed by a three-year term of supervised release. Id. at 9.

**B. Appeal**

On November 24, 2014, the Petitioner filed a Notice of Appeal. ECF No. 357. On appeal, through counsel, Petitioner argued that the District Court had abused its discretion by denying his motion for a downward variance. He contended that although he was properly characterized as a career offender, one of his predicate offenses, a 2003 conviction for possession with intent to distribute marijuana, only involved a small amount of marijuana without any attempt by Fields to sell it; accordingly, he argued that the Court should not have applied the career offender enhancement.  Finally, he argued that certain statements made by the Court and sentencing indicated that the Court incorrectly believed it lacked a legal basis for imposing a downward variance.  Nonetheless, the United States Court of Appeals for the Fifth Circuit affirmed Fields' sentence in an unpublished, *per curiam* decision filed on January 11, 2016. In that opinion, the Fifth Circuit commented that the District Court had considered Fields' lengthy criminal history

and the need for deterrence, finding that they outweighed the facts underlying the predicate offenses, giving it no reason to impose a variant sentence below the guidelines. See United States v. Fields, 628 Fed. Appx. 314 (5th Cir. 2016) 2016 WL 118086. Petitioner did not appeal this decision.

**C. Motion to Vacate**

On March 4, 2016, the Petitioner, proceeding *pro se*, filed a motion to vacate his sentence under 28 U.S.C. § 2255, again arguing that the inclusion of a 2003 state conviction for possession with intent to distribute marijuana in the calculation that triggered his career offender sentencing enhancement was improper. ECF No. 461 at 4. Petitioner also challenged as improper the inclusion of a 2006 state conviction for possession with intent to distribute cocaine, "a small amount for no remuneration" in the same calculation. Id.  Finally, he argued that counsel was ineffective because counsel had not "consulted and argued the statutes under 21 USC 841(b)(4) and (5) [sic] and 21 USC 844 [sic] at the Pretrial [sic] stages before . . . [Petitioner] pled guilty and [was] sentenced." Id. at 25. In support of his allegations, Petitioner relied on Moncrieffe v. Holder, 569 U.S. 184 (2013) and Descamps v. United States, 570 U.S. 254 (2013). On May 19, 2016, the District Court issued its Order and Reasons, denying Petitioner's § 2255 motion, noting that the challenge of the inclusion of the 2003 state conviction for possession with intent to distribute marijuana in the calculation of his career offender sentence enhancement had already been raised on appeal; the claim regarding the use of the 2006 conviction  in calculating his career offender sentence enhancement could have been raised on appeal but was not; and Petitioner's claim regarding counsel's ineffectiveness was "undeveloped," and did not meet the deficiency prong of Strickland.[3]

---

[3] Strickland v. Washington, 466 U.S. 668 (1984).

**D. § 2244 Motions**

On June 1, 2016, Petitioner filed a § 2244 motion seeking authorization to file a second or successive § 2255 motion, arguing that in light of the Supreme Court's holding in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), he was entitled to relief because his sentence was improperly enhanced based on his prior controlled substance convictions. In addition, he asserted that, in light of <u>Carachuri-Rosendo v. Holder</u>, 560 U.S. 563 (2010), his prior convictions for possession with intent to distribute marijuana and possession with intent to distribute cocaine were not qualifying offenses because they involved only drug quantities consistent with simple possession. On October 26, 2016, the Fifth Circuit denied the motion, noting that Fields was found to be a career offender under U.S.S.G. § 4B1.1 based on his prior convictions for controlled substances, not a career offender under the Armed Career Criminal Act ("ACCA"), based on crimes of violence, and thus, <u>Johnson</u> was inapplicable. <u>See</u> <u>In re Darin Fields</u>, Case No. 16-30616 (5th Cir. Oct. 16, 2016).

On November 30, 2016, Petitioner filed another § 2244 motion in the Fifth Circuit, arguing that, in light of <u>Mathis v. United States</u>, 136 S. Ct. 2243 (2016), and <u>United States v. Hinkle</u>, 832 F.3d 569 (5th Cir. 2016), he should not have been classified as a career offender under U.S.S.G. § 4Bl.1 and § 4Bl.2 based on his prior Louisiana convictions for possession with intent to distribute marijuana and cocaine. On January 18, 2017, noting that neither <u>Mathis</u> nor <u>Hinkle</u> set forth a qualifying new rule of constitutional law under § 2255(h), the Fifth Circuit denied the motion. <u>See</u> <u>In re Darin Fields</u>, Case No. 16-31199 (5th Cir. Jan. 18, 2017).

**E.  The § 2241 Petition**

In his petition, Fields again contends that under <u>Mathis</u> and <u>Descamps</u>, he is no longer a career offender, because his 2003 state conviction for possession with intent to distribute marijuana

4

and his 2006 state conviction for possession with intent to distribute cocaine do not qualify as predicate offenses for a career offender enhancement. ECF No. 1-1 at 6.

Petitioner contends that § 2255 is inadequate or ineffective to test the legality of his detention after his previous § 2255 motion was unsuccessful, because the decision in Mathis now provides an avenue for him to bring his claims regarding his "unlawfully enhanced sentence," precedent that was previously unavailable in earlier proceedings. Id. at 10. For relief, the Petitioner requests that this Court vacate his sentence "in accordance with Mathis" and resentence him without the career offender enhancement. Id. at 13.

### III. Standard of Review

#### A. Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B. *Pro Se* Litigants

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court

determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[4] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

## C. Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by prison officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2nd Cir. 2004).

---

[4] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of a limitation bar,[5] the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

When contesting a conviction, a petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective, and the standard is an exacting one. In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**

---

[5] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

> a. The date on which the judgment of conviction becomes final;
> b. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> c. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or d. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

However, "[t]he text of the savings clause does not limit its scope to testing the legality of the underlying criminal conviction." United States v. Wheeler, 886 F.3d 415, (4th Cir. 2018), *cert. denied* United States v. Wheeler, 2019 U.S. LEXIS 1990 (U.S., Mar. 18, 2019) (*quoting* Brown v. Caraway, 719 F.3d 583, 588 (7th Cir. 2013)). In Wheeler, the Fourth Circuit concluded that § 2255(e) provides "an avenue for prisoners to test the legality of their sentences pursuant to § 2241, and Jones is applicable to fundamental sentencing errors, as well as undermined convictions." Id. at 428. When contesting a sentence through a petition filed under § 2241, a petitioner still must meet the savings clause of § 2255. In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a sentence only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; **and** (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, *supra*, at 429 (emphasis added). The Fourth Circuit further specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id.

## IV. Analysis

The Petitioner does not seek relief under any permissible ground in his § 2241 petition. His claims do not relate to the execution or calculation of sentence by the BOP. Instead, the claims relate to the validity of the Petitioner's sentence imposed in the Eastern District of Louisiana. Such

claims are properly contested either on direct appeal or in a § 2255 proceeding, and thus the instant petition is merely yet another attempt to obtain relief available under § 2255, and should be treated as such.[6]

Although the Petitioner asserts that he is entitled to relief under the savings clause, it is clear that he is not entitled to its application. The Petitioner is not challenging his conviction and therefore, the Jones test is inapplicable. Instead, because Petitioner is challenging his sentence, the Court must review his petition under the four-part Wheeler test. As to the first prong, it is clear that at the time of sentencing, settled law established the legality of the sentence imposed. However, Petitioner cannot meet the second element of the Wheeler test, because any change to the settled law which established the legality of Petitioner's sentence has not been deemed to apply retroactively to cases on collateral review. Because Petitioner cannot meet the second prong of the Wheeler test, this Court does not need to consider the third or fourth parts of the test.

As noted *supra*, Petitioner again argues that he is entitled to relief under Mathis and Descamps. However, the Petitioner's reliance on these two cases is misplaced. Neither Mathis nor Descamps apply retroactively in this Circuit. See, e.g., Stewart v. United States, No. Elh-17-1408. 2017 WL 2361809, at *5 (D. Md. May 31, 2017) (§ 2255 case collecting cases holding that neither Descamps nor Mathis is retroactive*)*; Brandon v. Wilson, No. 3:16cv142, 2017 WL 7074 97, at *4 (N.D. W.Va. Jan. 30, 2017) (§ 2241 case collecting cases holding that Mathis is not retroactive). Accordingly, Petitioner cannot meet the second prong of Wheeler. Because Petitioner attacks the validity of his sentence but fails to establish that he meets all four prongs of the Wheeler savings

---

[6] The Court also notes that, regardless of how such a pleading is styled or captioned, a second or successive attempt to obtain relief under 28 U.S.C. § 2255 requires authorization from the appropriate appellate court, which authorization is not present here. Petitioner is clearly aware of this requirement, having sought and been denied authorization from the Fifth Circuit on two prior occasions.

clause test for erroneous sentences, Petitioner cannot demonstrate that § 2255 is an inadequate or ineffective remedy and has improperly filed his petition under § 2241 with respect to his sentence.

In summary, because Fields cannot meet the savings clause of § 2255 under the Wheeler test, his claims may not be considered under § 2241. Accordingly, this Court is without jurisdiction to consider his petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## VI. Recommendation

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED** and **DISMISSED without prejudice.**

The Petitioner is notified that this Report and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Frederick P. Stamp, Jr., Senior United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, **any party shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Report and Recommendation within which to file with the Clerk of this Court**, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with

LR PL P 12. Extension of this time period may be granted by the presiding District Judge for good cause shown.

**Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  A copy of such objections shall be served on Judge Stamp.

This Report and Recommendation completes the referral from the district court. The Clerk is **DIRECTED** to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: April 17, 2019

/s/ *Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE